**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

TRUMAINE TURANE,

                         Plaintiff,

    v.                                                                               9:20-CV-0184
                                                                                        (TJM/DJS)

THE STATE OF NEW YORK, *et al.*

                        Defendants.

---

**APPEARANCES**:

TRUMAINE TURANE
13-R-2122
Plaintiff, *Pro se*
Gouverneur Correctional Facility
Scotch Settlement Road
PO Box 480
Gouverneur, New York 13642

**DANIEL J. STEWART**
**United States Magistrate Judge**

## DECISION AND ORDER

### I. INTRODUCTION

*Pro se* Plaintiff Trumaine Turane ("Plaintiff") commenced this action by filing a Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") with a request for leave to proceed *in forma pauperis* ("IFP"). Dkt. No. 1 ("Compl."), Dkt. No. 2 ("IFP Application"). By Decision and Order filed April 7, 2020 (the "April Order"), the Hon. Thomas J. McAvoy granted Plaintiff's IFP application and reviewed the sufficiency of the Complaint in accordance with 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A. *See* Dkt. No. 11. On the basis of that review, the Court dismissed the Complaint for failure to state a claim upon which relief could be granted. *See id.* In light of his *pro se* status,

Plaintiff was afforded an opportunity to submit an Amended Complaint. *See id.* On April 29, 2020, Plaintiff filed a submission in response to the April Order. Dkt. No. 13.

## II. DISCUSSION

The filing of amended and supplemental pleadings is governed by Rule 15 of the Federal Rules of Civil Procedure. A party may amend, as of right, if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. FED. R. CIV. P. 15. Local Rule 7.1(a)(4) further states that a "party shall not incorporate any portion of its prior pleading into the proposed amended pleading by reference." N.D.N.Y.L.R. 7.1(a)(4). Rather, amended pleadings must be complete pleadings which will supersede the original pleading in all respects. *Id*. "One of the purposes of the requirement that an amended complaint be a complete pleading is to ensure that all of the allegations asserted against the defendant(s) are contained in a single document, thereby reducing the likelihood that a party will overlook one or more allegations against him." *See Walker v. Fischer*, 2012 WL 1029614, at *10 (N.D.N.Y. Mar. 26, 2012) (citation omitted). This requirement eliminates the confusing nature of "piecemeal" amended complaints. *See Chapdelaine v. Keller*, 1999 WL 34998130, at *1 (N.D.N.Y. Sep. 28, 1999).

"While we have insisted that the pleadings prepared by [*pro se* litigants] be liberally construed . . . we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. U.S.*, 508 U.S. 106, 113 (1993). Once accepted for filing, the amended complaint becomes the operative pleading, and the original complaint is no longer considered. *See Dluhos v. Floating & Abandoned Vessel*, 162 F.3d 63, 68 (2d Cir. 1998) ("[I]t is well established that an amended complaint ordinarily

supersedes the original, and renders it of no legal effect.") (quoting *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994)).

Plaintiff's submission presently before the Court is not in compliance with N.D.N.Y. Local Rule 7.1(a)(4). The submission does not include a list of parties and does not set forth any cause(s) of action. Additionally, while the original Complaint included twelve defendants, the caption of the submission lists only, "The State of New York et al." *See* Dkt. No. 13 at 1. The submission before the Court is six pages in length while the original Complaint was twelve pages and included a fifty-six page supplement. See Dkt. No. 1. As explained above, Plaintiff may not submit an amended complaint and at the same time proceed with the original complaint. Compliance with this Court's local rules is "not merely technical in nature." *See Cusamano v. Sobek*, 604 F.Supp.2d 416, 508 (N.D.N.Y. 2009).

At this juncture, the Court will not accept the pleading, identified at Dkt. No. 13, as the Amended Complaint or the operative pleading. Plaintiff is directed to, within **SIXTY DAYS** of the within Order, submit a proposed amended pleading that complies with this Court's Local Rules or, inform the Court that he intends to proceed with Dkt. No. 13 as the operative pleading. Any amended complaint must be a complete pleading which sets forth all of the claims Plaintiff seeks to assert in this action against the persons named as defendants. At this juncture, the Complaint (Dkt. No. 1) remains the operative pleading.

### III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that Plaintiff must comply with the directives set forth in this Order within **SIXTY days**; and it is further

**ORDERED** that the Clerk of the Court shall amend the docket report consistent with this Order; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order, the April Order, and the original Complaint on Plaintiff in accordance with the Local Rules.

Dated: May 5, 2020
      Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge